

**U.S. Department of Justice**

*Andrew E. Lelling*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

John Joseph Moakley United States Courthouse
1 Courthouse Way
Suite 9200
Boston, Massachusetts 02210

October 30, 2019

Attorney Edward Ryan, Jr.
O'Connor and Ryan, P.C.
80 Edman Way, Suite 309
Leominster, MA 01453

Re: United States v. Natasha Bowman
Criminal No.

Dear Attorney Ryan:

The United States Attorney for the District of Massachusetts ("the U.S. Attorney"), and United States Department of Justice Civil Rights Division, and your client, Natasha Bowman ("Defendant"), agree as follows, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):

1. Change of Plea

Defendant will waive Indictment and plead guilty to the one-count Information charging conspiracy to commit travel in aid of a racketeering enterprise, in violation of 18 U.S.C. § 371. Defendant admits that she committed the crime specified in this count and is in fact guilty of this count. Defendant also agrees to waive venue, to waive any applicable statute of limitations, and to waive any legal or procedural defects in the Information.

The U.S. Attorney agrees not to charge Defendant pursuant to 18 U.S.C. § 1591 or 18 U.S.C. § 2421 based on the conduct underlying the crime charged in this case that is known to the U.S. Attorney at this time.

Defendant agrees to the accuracy of the attached statement of facts.

2. Penalties

Defendant faces the following maximum penalties: incarceration for 5 years; supervised release for 3 years; a fine of $250,000; a mandatory special assessment of $100; and restitution.

1

3. <u>Sentencing Guidelines</u>

The parties agree, based on the following calculations, that Defendant's total "offense level" under the Guidelines is 21:

   a) Defendant is responsible for three victims who performed commercial sex acts, each of which constitutes a separate group (hereinafter, "Group 1, Group 2, and Group 3") (USSG § 2G1.1(d)(1));

   b) Defendant's base offense level for Group 1 is 14, because the underlying unlawful activity in respect to which the travel or transportation was undertaken was promoting a commercial sex act (USSG §§ 2E1.2(a)(2) and 2G1.1(a)(2));

   c) Defendant's base offense level for Group 2 is 14, because the underlying unlawful activity in respect to which the travel or transportation was undertaken was promoting a commercial sex act (USSG §§ 2E1.2(a)(2) and 2G1.1(a)(2));

   d) Defendant's offense level for Group 2 is increased by 4, because the offense involved fraud or coercion (USSG § 2G1.1(b)(1));

   e) Defendant's base offense level for Group 3 is 14, because the underlying unlawful activity in respect to which the travel or transportation was undertaken was promoting a commercial sex act (USSG §§ 2E1.2(a)(2) and 2G1.1(a)(2));

   f) Defendant's offense level is further increased by 3 levels because Defendant has three units under the Guidelines grouping principles (USSG §§ 3D1.1 and 3D1.4); and

   g) Defendant's offense level is decreased by 3 levels, because Defendant has accepted responsibility for Defendant's crime (USSG § 3E1.1).

Defendant understands that the Court is not required to follow this calculation, and that Defendant may not withdraw her guilty plea if Defendant disagrees with how the Court calculates the Guidelines or with the sentence the Court imposes.

Defendant also understands that the government will object to any reduction in her sentence based on acceptance of responsibility if: (a) at sentencing, Defendant (herself or through counsel) indicates that she does not fully accept responsibility for the crime she is pleading guilty to committing; or (b) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice.

If, after signing this Agreement, Defendant's criminal history score or Criminal History Category is reduced, the U.S. Attorney reserves the right to seek an upward departure under the Guidelines.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

4. <u>Sentence Recommendation</u>

The U.S. Attorney agrees to recommend the following sentence to the Court:

a) incarceration within the guidelines sentencing range as calculated by the parties in Paragraph 3;

b) a fine, unless the Court finds that Defendant is not able, and is not likely to become able, to pay a fine;

c) 36 months of supervised release;

d) a mandatory special assessment of $100, which Defendant must pay to the Clerk of the Court by the date of sentencing;

e) restitution to be calculated by the Court at sentencing; and

f) forfeiture as set forth in Paragraph 6.

5. <u>Waiver of Appellate Rights and Challenges to Conviction or Sentence</u>

Defendant has the right to challenge her conviction and sentence on "direct appeal." This means that Defendant has the right to ask a higher court (the "appeals court") to look at what happened in this case and, if the appeals court finds that the trial court or the parties made certain mistakes, overturn Defendant's conviction or sentence. Also, in some instances, Defendant has the right to file a separate civil lawsuit claiming that serious mistakes were made in this case and that her conviction or sentence should be overturned.

Defendant understands that she has these rights, but now agrees to give them up. Specifically, Defendant agrees that:

a) She will not challenge her <u>conviction</u> on direct appeal or in any other proceeding, including in a separate civil lawsuit; and

b) She will not challenge her <u>sentence,</u> including any court orders related to forfeiture, restitution, fines or supervised release, on direct appeal or in any other proceeding, including in a separate civil lawsuit.

The U.S. Attorney agrees that, regardless of how the Court calculates Defendant's sentence, the U.S. Attorney will not appeal any sentence of imprisonment of 30 months or more.

Defendant understands that, by agreeing to the above, she is agreeing that her conviction and sentence will be final when the Court issues a written judgment after the sentencing hearing in this case. <u>That is, after the Court issues a written judgment, Defendant will lose the right to appeal or otherwise challenge her conviction and sentence, regardless of whether she later changes her mind or finds new information that would have led her not to agree to give up these rights in the first place.</u>

Defendant acknowledges that she is agreeing to give up these rights at least partly in exchange for concessions the U.S. Attorney is making in this Agreement.

The parties agree that, despite giving up these rights, Defendant keeps the right to later claim that her lawyer rendered ineffective assistance of counsel, or that the prosecutor or a member of law enforcement involved in the case engaged in intentional misconduct serious enough to entitle Defendant to have her conviction or sentence overturned.

6. <u>Forfeiture</u>

Defendant hereby waives and releases any claims Defendant may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

7. <u>Civil Liability</u>

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to her criminal conduct and guilty plea to the charges specified in Paragraph 1 of this Agreement.

8. <u>Breach of Plea Agreement</u>

Defendant understands that if she breaches any provision of this Agreement, Defendant cannot use that breach as a reason to withdraw her guilty plea. Defendant's breach, however, would give the U.S. Attorney the right to be released from his commitments under this Agreement, and would allow the U.S. Attorney to pursue any charges that were, or are to be, dismissed under this Agreement.

If Defendant breaches any provision of this Agreement, the U.S. Attorney would also have the right to use against Defendant any of Defendant's statements, and any information or materials she provided to the government during investigation or prosecution of her case. The U.S. Attorney would have this right even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Finally, if Defendant breaches any provision of this Agreement, she thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct

4

occurring before the date of this Agreement.

9. <u>Who is Bound by Plea Agreement</u>

This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts and the United States Department of Justice Civil Rights Division. It does not bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

10. <u>Modifications to Plea Agreement</u>

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

\* \* \*

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Suzanne Sullivan Jacobus.

Sincerely,

ANDREW E. LELLING
United States Attorney

By: *[signature]*
TIMOTHY E. MORAN
Chief, Civil Rights Enforcement Team

*[signature]*
SUZANNE SULLIVAN JACOBUS
Assistant U.S. Attorney

ERIC DREIBAND
Assistant Attorney General
United States Department of Justice

SHAN PATEL
VASANTHA RAO
MARYAM ZHURAVITZKY
Trial Attorneys
Civil Rights Division
United States Department of Justice

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter and discussed it with my attorney. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office or the United States Department of Justice Civil Rights Division, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I have received no prior offers to resolve this case.

I understand the crime I am pleading guilty to, and the maximum penalties for that crime. I have discussed the Sentencing Guidelines with my lawyer and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me and we have had enough time to meet and discuss my case. We have discussed the charge against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the offense. I believe this Agreement is in my best interest.

_____
Natasha Bowman
Defendant

Date: 11.20.19

I certify that Natasha Bowman has read this Agreement and that we have discussed what it means. I believe Natasha Bowman understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that neither the U.S. Attorney nor the United States Department of Justice Civil Rights Division has not extended any other offers regarding a change of plea in this case.

_____
Edward Ryan, Jr.
Attorney for Defendant

Date: 11/20/19

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA ) Criminal No.
)
v. )
)
~~NATASHA~~ BOWMAN, )
NATASHIA NB [initials] 4/2/19 )
Defendant )
)

## Stipulation of Facts

1. Between in or about 2009 and 2015, Bowman agreed to help Matthew Engram, a/k/a "Magic", promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on, of Engram's prostitution business in violation of the laws of the State of Massachusetts. In furtherance of this activity, Bowman, at Engram's direction, undertook responsibilities to promote Engram's prostitution business, including, but not limited to the following:
    a. In approximately 2009, Engram instructed Bowman to create a website, "magicmoments.com," to advertise herself and other women for prostitution.
    b. Between 2009 and approximately 2015, Bowman used the internet to maintain "magicmoments.com" at Engram's direction to further his prostitution business. Specifically, Bowman uploaded images and descriptions of women advertised for commercial sex.
    c. Between 2009 and approximately 2015, Bowman, at Engram's direction, recruited other women to work for Engram's prostitution business. Specifically, Bowman contacted women through various websites advertising commercial sex and escort agencies.
    d. Between 2009 and approximately 2015, Bowman, at Engram's direction, used a cellular phone to arrange commercial sex acts between other women and customers and determined or negotiated the associated fees.
    e. Between approximately 2009 and January 2015, Bowman, at Engram's direction, transported women from Massachusetts to other states, such as Connecticut, Florida, New York, and Pennsylvania, to engage in commercial sex acts. When Engram did not accompany Bowman and the women, Bowman communicated with Engram by cellular phone several times each day to provide updates on the location and the amount of money the women earned from engaging in commercial sex acts.

f. Between approximately 2009 and 2015, Bowman regularly managed the day-to-day operation of Engram's prostitution business, including by posting advertisements, booking hotel rooms, managing profits, and arranging prostitution dates.
g. Bowman engaged in the overt acts set forth in the Information.

I declare under the pains and penalties of perjury that the foregoing is true and correct.

_____
Natasha Bowman
Defendant

Dated: 11·20·19